IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WILLIAM GATTIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:19-cr-00010-DN<br><br>District Judge David Nuffer |

On January 25, 2021, Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] The motion was denied on September 20, 2021.[2] On January 11, 2022, Defendant filed a motion to reconsider the court's ruling. ("Motion").[3] The government opposes the Motion.[4] The United States Probation Office prepared and filed a report.[5] Because Defendant's Motion is procedurally improper, and because Defendant fails to demonstrate that extraordinary and compelling reasons warrant compassionate release, the Motion is DENIED.

---

[1] Motion for Compassionate Release, docket no. 45, filed Jan. 25, 2021.

[2] Memorandum Decision and Order Denying Motion for Compassionate Release, docket no. 50, filed September 20, 2021.

[3] Motion for Compassionate Release (Reconsideration), docket no. 51, filed Jan. 18, 2022.

[4] United States' Opposition to Defendant's Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 52, filed Jan. 27, 2022.

[5] First Step Act Relief Eligibility Report ("Report"), docket no. 54, filed under seal Feb. 18, 2022.

## DISCUSSION

### The Motion is not Timely

A motion to reconsider denial of a motion under § 3582(c)(1) must be filed within 14 days of the denial to be timely.[6] According to the date on the Motion, the Motion was signed on January 11, 2022. At a minimum, this means 113 days passed between the Order denying the Motion for Compassionate Request and the Motion for Reconsideration. The motion is very late, and Defendant has offered no justification for this delay.

### A Motion to Reconsider is not the appropriate grounds for Defendant's arguments

"A proper motion to reconsider does not simply state facts previously available or make arguments previously made."[7] All of Defendant's arguments either were already made in the previous Motion for Compassionate Release or could have been made in that motion. For example, Defendant describes the allegedly squalid conditions he has been subject to. But according to Defendant, those conditions occurred in 2020, before his first motion was brought. There is no reason Defendant could not have made those arguments in that motion.

### Defendant does not demonstrate compelling reasons to justify compassionate release

Even if the Motion allowed for consideration of the merits of Defendant's claims, he has not demonstrated that his medical conditions constitute extraordinary and compelling reasons to justify compassionate release.[8] The same rationale for denying Defendant's previous motion still applies. The only relevant change between the filing of the previous motion and the current one is that Defendant has recovered from COVID-19, and has refused a COVID-19 vaccine. Both

---

[6] *United States v. Chavez-Cadenas*, No. 09-20005-10-DDC, 2021 WL 3737126, at *2 (D. Kan. Aug. 24, 2021); see also *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011).

[7] *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016).

[8] It is doubtful the merits of Defendant's claim could even be addressed if this were construed as a new motion. There is no indication in Defendant's Motion that he submitted his request to the warden of FCI Sheridan, as required by the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).

circumstances further cut against a finding of extraordinary and compelling reasons.[9] And, to address Defendant's repeated requests for home custody, this court has no authority to directly order the BOP to place Defendant in home custody.[10]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[11] is DENIED.

Signed March 11, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[9] *See* United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021).

[10] 18 U.S.C. § 3621(b); *United States v. Candelaria*, No. 1:04-CR-75 WJ, 2020 WL 4698510, at *2 (D.N.M. Aug. 13, 2020).

[11] Motion for Compassionate Release (Reconsideration), docket no. 51, filed Jan. 18, 2022.